UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RASHID ISLAM,

                Plaintiff,

     - against -

HERTZ VEHICLES, LLC, THE HERTZ CORPORATION, and ANTHONY ALLEN DAVIS,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-4515 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

On September 23, 2020, Defendants Hertz Vehicles, LLC, The Hertz Corporation, and Anthony Allen Davis filed a Notice of Removal (the "Notice") removing this action from the Supreme Court of the State of New York, Queens County, to this Court. (Dkt. 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiff Rashid Islam alleges that, on November 10, 2019, he was injured when the motor vehicle he was driving was struck by a motor vehicle owned by Hertz Vehicles, LLC, and operated by Davis in the course of his employment by Hertz Vehicles, LLC. (*See generally* Complaint ("Compl."), Dkt. 4.) Plaintiff's Complaint alleges damages "in excess of the jurisdiction of all lower Courts in this state" (*id.* ¶ 62), and demands judgment against Defendants "in an amount to be determined at trial, which is in excess of the jurisdictional limits of all lower courts" (*id.* at 11) without further specifying any damages amount.

In removing this matter, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, ¶ 6.) The Notice alleges that Plaintiff is a resident of New York, Defendant Davis is a resident of Virginia, and Defendants

1

Hertz Vehicles, LLC and The Hertz Corporation are Delaware business entities headquartered in Florida. (*Id.* ¶ 4.) With respect to the amount in controversy, the Notice only states that "the matter in controversy (amount sought by Plaintiff) exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs." (*Id.* ¶ 2.) Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re*

*Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

In this case, Defendants fail to meet their burden to show that the $75,000 amount required for diversity jurisdiction has been satisfied, as they assert only that "the matter in controversy (amount sought by Plaintiff) exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs" (Notice, Dkt. 1, ¶ 2), without providing any factual allegations to support this conclusion. Furthermore, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's Complaint], because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiff alleges only that he was damaged by Defendants "in an amount to be determined at trial, which is in excess of the jurisdictional limits of all lower courts" without further specifying any damages amount. (Compl., Dkt. 4, at 11.) This mention of the "lower courts" is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts. *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower Courts" (internal citation omitted)); *see also id.* at *2 n.3 (collecting cases).

Finally, neither the Complaint nor the Notice contains any further information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied. Plaintiff's general allegations that he was "severely and permanently injured" (Compl., Dkt. 4, ¶ 58), that he "sustained serious injuries as defined in Subdivision d of Section 5102 of [New York] Insurance

3

Law" (*id.* ¶ 59), and that he "sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Section 5104 of the Insurance Law"[1] (*id.*), are not enough. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

Accordingly, the Court finds that Defendants' allegations in their Notice are insufficient to support the exercise of federal subject matter jurisdiction.[2] Remand to the state court is therefore proper. *See, e.g.*, *Woodley*, 2008 WL 2191767, at *2.

---

[1] Under Section 5102 of the New York Insurance Law, basic economic loss is defined as "up to fifty thousand dollars per person." N.Y. Ins. Law § 5102(a). Therefore, Plaintiff's allegation of "economic loss greater than basic economic loss" (Compl., Dkt. 4, ¶ 59) does not, on its own, satisfy the required jurisdictional amount. *See Herrera*, 2016 WL 4536871, at *2.

[2] The Court notes that Defendants are "not without recourse to determine the amount of damages Plaintiff seeks." *Herrera*, 2016 WL 4536871, at *2. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2.; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

4

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Queens County, under Index No. 715658/2020, for lack of federal subject matter jurisdiction.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 5, 2020
    Brooklyn, New York